**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHALIF WARD** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 04-112-01** |
| | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                                  **August 19, 2009**

　　　　Khalif Ward, who had been convicted and sentenced for the distribution of and possession with intent to distribute crack cocaine, filed a *pro se* motion seeking a reduction of his sentence pursuant to the 2007 amendments to the Sentencing Guidelines lowering the offense levels applied to cocaine base ("crack") offenses.  His court appointed counsel filed a supplemental motion.  The government filed its response in opposition to the motion, arguing that Ward is ineligible for a reduction because his sentence was not based upon the crack cocaine guideline range, but on his status as a career offender.

　　　　Because Ward's sentence was calculated on the basis of his status as a career offender rather than the crack cocaine guideline range, he is ineligible for a sentence reduction.  Therefore, his motion will be denied.

**Background**

　　　　Ward was charged in a four count indictment with distribution of cocaine,[1] possession with intent to distribute cocaine base,[2] possession of a firearm in furtherance

---

[1] 21 U.S.C. §§ 841(a), (b)(1)(C).

[2] 21 U.S.C. §§ 841(a), (b)(1)(A).

of drug trafficking,[3] and possession of a firearm by a convicted felon.[4]  After a jury trial, he was found not guilty as to the firearm counts and guilty of the drug counts.

At the sentencing hearing, the parties disagreed as to the quantity of the crack cocaine for which Ward was responsible for purposes of calculating the base offense level. In the Presentence Investigation Report, the Probation Office determined that the relevant quantity was 157 grams.  The government argued that it was at least 150 but less than 500 grams of cocaine base, calling for a base offense level of 34.  Ward contended that it was less than 50 grams because the jury had not determined otherwise.  However, Ward conceded that the base offense level did not affect the calculation of the total offense level, which was driven by his status as a career offender within the meaning of U.S.S.G. § 4B1.1.

The heart of the disagreement was the effect of a stipulation entered at trial.  The stipulation provided that if a government witness would have testified, she would have testified that the amount of the crack cocaine was 157 grams.  Because it was for the jury to determine whether or not to accept the testimony and the jury did not find an amount in excess of 50 grams, a lower quantity was used to calculate the base offense level. Accordingly, the base offense level was decreased from 34 to 30.

The reduction of the base offense level to 30 did not change the final total offense level.  The enhanced base offense level under § 4B1.1, the career offender provision, was 34, resulting in a guideline range of 262 to 327 months.

---

[3]  18 U.S.C.§ 924(c).

[4]  18 U.S.C.§ 922(g)(1).

Ward did not contest his prior felony convictions that were used as predicate offenses for determining career offender status.  Nor did he challenge the applicability of U.S.S.G. § 4B1.1.

Ward argued that the criminal offender criminal history category of VI overstated the seriousness of his record.  He sought a criminal history category of IV.  After his request for a reduced criminal history category was rejected, Ward was sentenced to a term of 200 months, 62 months less than the bottom of the guideline range finally determined.

### Discussion

On November 1, 2007, the Sentencing Commission amended the Drug Quantity Table set forth in § 2D1.1 of the Sentencing Guidelines, reducing by two the offense levels applied to crack cocaine offenses.  On December 11, 2007, in Amendment 706, the Sentencing Commission made application of the amended crack cocaine based guidelines retroactive, effective March 3, 2008.

Section 3582(c)(2) is the vehicle for a defendant to secure relief for a reduced sentence under amended sentencing guidelines.[5]  Section 3582(c)(2) permits the reduction of a defendant's sentence "where the  sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A sentencing reduction is permitted, however, only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Congress has specifically delegated authority to the Sentencing Commission to determine when and to what extent a sentencing reduction is allowed.  28 U.S.C. §

---

[5]  18 U.S.C. § 3582(c)(2).

994(u).

Section 3582(c)(2) must be read together with U.S.S.G. § 1B1.10. These two provisions are co-dependent. Section 1B1.10 of the United States Sentencing Guidelines, the policy statement addressing reductions in sentences as a result of the amended guideline ranges, provides, in part, as follows:

> (2) Exclusions. - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2) if -
>
> * * *
>
> (B) An amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.
> U.S.S.G. §1B1.10(a).

A reduction under § 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, Cmt. 1(A)(ii).

Where a defendant's sentence was based upon his status as a career offender rather than the crack cocaine guidelines, § 3582(c)(2) does not apply. *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009). In other words, although a court may reconsider the effect the crack cocaine guidelines have on a sentence, it cannot revisit its application of the career offender guidelines. *Id.* at 156. Thus, a defendant who was sentenced under U.S.S.G. § 4B1.1 and not under the crack cocaine guidelines is not eligible for a sentence reduction under Amendment 706 because his sentencing was not based on a guideline that was amended.

4

**Conclusion**

Because Ward's sentence was calculated on his status as a career offender rather than the nature and the quantity of the drug possessed and distributed, he is not entitled to a reduction in his sentence under the crack cocaine amendments to the sentencing guidelines.  Therefore, his motion will be denied.